Gibson J.
delivered the opinion of the Court.
The question is, whether the return of a Sheriff is evidence, in his own favour, of the fart stated ; ior if competent,,it made out the plaintiff’s case, and justified the Court in charging that he was entitled to recover ih 'the absence of contradictory proof. There is ho rule better established, than'that such return is prima facie evidence in an, action between third persons ;• because it is the-official act of a n»an ■acting under oath. I see no reason to draw a distinction, where it is offered by the Sheriff himself. It is not, as in ordinary cases, the man’s oWn act,’which may, at the time, have been done with a.view to his interest, but official; and therefore the act of the law, performed under the' sanction of an qath,.and at a time when it cannot be presumed the officer anticipated the existence of a law suit which should implicate him personally. Precisely for the same reason, a conviction by a justice of the peace, having jurisdiction, is evidence in his own favour, in an action against him for false imprisonment. Phill. JEv. 260. The only difference is, that the conviction is conclusive ; but that is because it is.a judicial determination of the fact: the act of the Sheriff is only ministerial. The argument ab inconvenienti, deserves but little consideration. It is said that to require the person implicated as th'e purchaser, to produce rebutting evidence, would be to require him to prove a.negative ; a matter attended with more than ordinary difficulty in cases of Sheriff’s sale, where -the business is transacted with celerity, amidst confusion, and where-a nod.of the head or any other signal equally inexplicit and subject to misconstruction, is taken fora.bid ; and hence it is argued, that to receive the return as prima facie evidence, would subject everyone present, to the Sheriff’s' mistakes, and the consequent'risque of being involved in ruinous speculations without any means of extrication. Experience however proves, that these mistakes seldom,.if ever, occur ; and if they even'should, it is almost •impossible that the attention of the other- bidders, usually alive to every thing passing, should not enable them to testify to the true state of the facts. ,The jury would have to consider of all the circumstances, and might require but slight proof to counterbalance the return. Here the special •circumstances of the sale, were facts proper to be returned *372 by the Sheriff, and there is therefore no error on .the ground of the first exception.
It is objected that the description of the land in the deed tendered, is too loose to attach it to any particular tract. The deed itself has not been produced; but it is to be presumed the description was taken from the levy which, inter alia, was: “on a- tract in the name1 of, .Mordecui Massey, containing 300 acres more or less.’* This, on its face, is reásonably certain, and could be rendered otherwise only by the existence of extrinsic circumstances, which did notappéar.' If but one tract in the bounty were located in the name of Massey, there could be no difficulty : if more than one, the subject of the grant would have to be-ascertained ■ by extrinsic evidence, as in every other case of lateht ambiguity.. These levies are much more loose, and uncertain than convenience requires,’ or safety can justify ; but, as many titles depend on them, it is now too.late to scrutinise ’them very strictly. The judgment is affirmed.
• Judgment affirmed. , ,