Curia, per Savage, Ch. J.
The first question is, whether the indorsement of ■ a levy upon the executions, in the plaintiff’s hands, and' -by the plaintiff himself, is sufficient evidence of the fact, to enable him to maintain trover or trespass, against a third person, who intermeddless with the property levied on.
We have several times decided, and I think correctly, that such an indorsement is, prima fade,, sufficient. It is an official act required by the statute; and every presumption is in favor of a public officers faithful performance.of *313 his duty. It seems to be sufficient also upon the ground ^ necessity; as an officer cannot be supposed to carry witnesses with him to prove every levy, or other official act required of him. The judge was correct, therefore, in refusing the nonsuit.
The next inquiry is, whether the defendant had any right to dispute the plaintiff’s claim to the property in question. It is not disputed that the defendant was a Iona fide creditor of Sternburgh. But it is alleged that the judgments are void, as being entered upon an entire demand which equalled the amount of all the judgments. In the case of Smith v. Jones, (15 John. 229,) it was decided that the plaintiff could not divide an entire demand, so as to bring separate suits. That was the case of two suits brought for three barrels of potashes, all sold at once. They were adversary suits. The court said, that an entire demand could not thus be divided into separate actions. But I can see no reason why the parties to a large demand may not, by mutual agreement, divide it into any number of smaller ones which may suit their convenience. It was surely in the power of these parties to have discharged this demand of $214, by taking 10 dollar notes or 25 dollar notes. Taking judgments for the same amount is equally lawful. It is said the provision requiring an affidavit or specification, may be in this manner evaded. The specification is not required on judgments of $25.
*It then becomes necessary to inquire whether the defendant was justified in selling the property of Sternburgh upon his executions. In determining this question, it will be necessary to advert to the testimony relative to the renewals of the executions under which the plaintiff .claims. One of those executions had been twice renewed, the other once; and each renewal was made after the expiration of the 90 days, within which the execution should have been executed and returned. The language of the act is: “If no goods or chattels can be found, or not sufficient to satisfy such execution, the party recovering the judgment may, from time to time, renew such execution, or have further execution against the goods and chattels of the party *314 ■against whom such judgment is recovered; or may an action of debt thereon.” (1 R. L. 393.) By this act, an execution may be renewed in such cases only where a new execution might be issued, or an action of debt would lie. By the declarations of the plaintiff, it appears that he levied on the same property on the first execution issued in each judgment, which he now claims to hold upon them; and that when the executions were renewed, he merely altered the date of the indorsement of levy on the back of the executions. The inference is, that no new levy was made upon each renewal; but merely an alteration made to correspond with the date of the renewal.
In Wickham v. Miller, (12 John. 320,) it was decided that the mode of renewing an execution by an indorsement was proper; and, prima facie, evidence of information given to the magistrate, that no goods or chattels could be found. And therefore a renewed execution was a protection to the officer. It is expressly admitted, that an execution cannot be renewed, unless there be a failure to find sufficient goods and chattels. It is not decided that an execution, renewed upon false information, shall be a protection to the officer; nor that a renewal is good when the fact of a sufficient levy appears upon the execution. It is said in that.case, that the renewal of the execution is a judicial act; and a protection to the officer. I confess, *1 had always supposed that the issuing of the execution, and the renewal of it, were mere ministerial acts; which the justice does, as matter of course, without first inquiring whether the judgment has been paid or the execution satisfied. Suppose a new execution had been issued, instead of the first renewal, it would certainly have been irregular. Suppose an action of debt had been brought, the former levy would have been a good defense, if pleaded. The defendant in the execution could alone have taken advantage of such a defense. But I think any judgment creditor has a right to inquire into the regularity of such proceedings as are shown in this case. Of executions running 90 days, one is twice renewed; another, once after they had expired; no evidence of a levy except the in- *315 and that-accompanied with-the plaintiff's acknowledgment that-he altered the date of the -indorsements -when the executions were renewed. According to the indorsements, property enough was levied on to satisfy the first executions. The renewals were therefore irregular; and "even-if the'renewed executions wotild hold the property-as against the defendant in those executions, which it is not necessary -to decide, it is quite another question -whether they are not dormant-as against other judgment creditors. Had Cook levied after the expiration of the first executions, and before the renewal, there can be no doubt, I think, but that -he 'must have held the -property. By suffering the executions to expire without a sale, all claim to the property, by the' plaintiff, was gone. (Brown v. Cook, 9 John, 361.) If so, the, plaintiff should at - least have' shown- an actual "levy-upon the last execution,-to enable him to -retain a preference.
-But there-is in this case, positive "proof of delay and'indulgdnee on the part of the plaintiff, which should postpone the- executions In his hands -to the -defendant’s executions. Sternburgh swears, that in the month of - Decemher, 1824, he paid the plaintiff his fees 'on the executions; and, by an arrangement with him, there was a-suspension of- the collection of the executions. Besides; it does not appear that the plaintiff ever advertised, though'*he-mtist ■have levied as- early-as May or June, 1824. Taking all the facts, it seems-to me there is sufficient to authorize a jury in finding the executions in the plaintiff’s hands dormant. If so, the defendant had - á right to take the property upon his execution as he did. -I am 'accordingly of opinion that-the defendant is entitled- to judgment.
- Judgment for-the defendant.