Mr. Chief Justice Shahkey
delivered the opinion of the court.
The defendant in error, as sheriff of Lowndes county, instituted this suit to recover the price of two lots, which he had sold under sundry executions, and which were bid off by the plaintiffs in error, through an agent, at the sum of $3005. The declaration contains three counts, one on a memorandum in writing, and two common counts, to which the defendants below pleaded non assumpsit. To support his action, the sheriff offered in evidence his returns on the executions, showing, the levy and sale to the plaintiffs in error, after advertisement, for the sum of $3005. He also proved that he had executed and tendered a deed. The returns were objected to as not being a sufficient memorandum, in writing, to charge the plaintiffs in error ; and also because the returns were not sufficiently certain in the description of the lots.
It seems to have been taken for granted by both parties, that *512 a sale of real estate by a sheriff, is within the statute of frauds and perjuries. On this point the case does not call for an expression of opinion, further than to say that the return must be regarded as a sufficient memorandum. Against the admissibility of the evidence it is contended that a sale by a sheriff is like a sale by an auctioneer, whose - written memorandum, as the agent of both parties, is admissible as evidence, except in actions brought by the auctioneer, in which it is not admissible. The character of a sheriff’s return is very different from the memorandum of sale made by an auctioneer. The sheriff is a sworn officer of the law, whose official duty is defined by law, and a presumption always arises that an officer who is required to do a particular thing, has discharged' his duty faithfully, unless the contrary be shown. The law attaches credit to all his official acts, performed in the discharge of his duty. Hence it is, that when a sheriff, in his return, confines himself within the line of his official duty, his return is often admissible. as evidence between third parties; is always conclusive evidence between the parties to the record, and generally conclusive as against himself, provided the process be such as by law he is bound to return. Notes to Phillips on Evidence, 1083. On this principle the return of a sheriff is often evidence for him, as well as against him. If by his return he has subjected himself to an action,, such return should be evidence to enable him to sustain an action. The precise point now before us, arose in the case of Hyskill v. Gwin, 7 Serg. & Rawle, 369. The sheriff brought an action to recover the price of a tract of land sold by him under execution, and relied upon his return on the execution as evidence to support the action, and it was held to be prima facie evidence for that purpose. The same question was decided by the supreme court of Tennessee, in the same way. Nichol v. Riddle, 5 Yerger, 63. In a recent decision of this court, the same doctrine was recognized. Adams v. Griffin, 3 S. & M. 556. The court, then, was right in allowing the return to be read to the jury.
An objection was also taken to the return, because it is not sufficiently certain in the description of the premises. In the *513 levy the sheriff has described the property, as “lots four and five, in square one, south of Main street, Columbus.” And the return proceeds, “ advertised and sold, according to law, 16 March, 1840, to Hand & Huddleston, for {$3005.” The declaration avers that the sale was made by the plaintiff below, as sheriff, at the door of the court-house of Lowndes county ? in Columbus, and that the lots sold were situated in said town of Columbus. It is a sufficient description of town lots, to give the number of the lot, and the number of the square in which it is situated, as designated in the survey or plat of the town. These lots were described by their appropriate numbers, and the number of the square in which they were situated, and also by the street. Assuming that this description was made with reference to the survey of the town, it was sufficient. That it was so made there is no room to doubt, as in that way only can we account for their numbers, and the number of the square in which they were situated.
The defendants also objected to the return, because it was not ip the handwriting of Grant, and thereupon’evidence was introduced, that the return was made by a deputy sheriff. As the sheriff is bound by the acts of his deputy, so he must be entitled to the benefit resulting from them. A return by a deputy, is equivalent to a return by the sheriff. If anything, the return by a deputy is less objectionable than the return by the sheriff, when the latter is plaintiff. It seems that during the progress of the trial, and after the defendants had introduced proof that the signature to the return was not in the handwriting of Grant, a memorandum book, kept by the deputy who sold the property, was introduced, containing a memorandum, in pencil mark. If the deputy is to be regarded as the mere auctioneer, his memorandum would be admissible. But ■the truth is, the memorandum is unintelligible, and so immaterial in its character, ‘that it cannot furnish a foundation for reversing a judgment founded on a verdict supported by sufficient evidence. A mere memorandum book, kept by the sheriff, would be inadmissible in such an action as this. But it is impossible to perceive how a memorandum so vague, *514 uncertain, and obscure as this was, could have operated against the defendant.
A bill of exceptions was taken to the decision of the court, in overruling a motion for a new trial, from which, in addition to the foregoing facts, it appears that the sale was proven, and the purchase by the defendants, through their agent, and that a deed was tendered. There was no ground for a new trial, and the motion was properly overruled.
The judgment must be affirmed.