McKinney, J.
delivered the opinion of tbe court.
This is an action of trespass and false imprisonment, brought by the plaintiff in error against the defendants and another in the Circuit Court of Blount county, and removed by change of venue to Knox county for trial. Verdict and judgment were rendered for the defendants in the court below, and the plaintiff prosecutes an appeal in error to this court.
Several errors have been assigned and insisted upon in the argument of this case.
1. During the progress of the trial, and upon the plaintiff’s case being closed, there being no evidence against the defendant, James Griffith, the defendant’s counsel moved the court that an acquittal be directed as to him; and it was accordingly ordered by the court that the case as to the said defendant be separately submitted to the jury, who, thereupon, returned a verdict of not guilty, and judgment was instantly rendered thereon, that the defendant go hence and recover his costs, &c., and the trial proceeded as to the other defendants.
In this proceeding we think there was no. error. It is well established that in actions for torts, being in their nature and legal consequences several, as well as ordinarily joint, and there being no contribution among wrong-doers, if one who is a material witness for the defendants has been improperly joined with them in the suit, for the purpose of excluding his testimony, the jury will be directed to find a separate verdict in his favor; in which case, the suit being at an end with respect to him, he may be admitted as a witness for the other defendants. But this can only be allowed where there is no evidence *192 whatever against him. In what stage of the ease the party» thus improperly joined, might demand a verdict, and whether before the close of the case on the part of the other defendants, was formerly doubtful; but it is now settled, that if, at the close of the plaintiff’s case, there is one defendant against whom no evidence has been given, he is entitled instantly to be acquitted. ■ See 1 Green-leaf, sec. 357, 358. (Ed. of 1842.) It was not necessary in this case, as argued, that the judgment should be suspended to await the result of the trial or judgment as to the other defendants; being acquitted by the verdict of the jury, he was entitled to immediate judgment of discharge, and the case stood in all respects, as to the other defendants, as if he had not been a party.
2. The defendant, James Mathews, justified the trespass and imprisonment, alleged in the declaration, upon the ground that a warrant legally issued by a justice of the peace of Blount county, charging one Henry McCully with an assault upon a certain Thomas Ferguson, with intent to commit murder in the first degree, was placed in his hands to be executed, he being a deputy sheriff of said county, by virtue of which warrant he arrested said Henry McCully, and that the plaintiff attempted to assist in the rescue of said prisoner. Upon the trial, the original warrant upon which the arrest was alleged to have been made, was offered in evidence by the defendants, upon proof, by a third person, of the handwriting of the justice by whom it was issued, and also of the justice who •committed the defendant. This was objected to by the plaintiff upon the ground that both of said justices were witnesses in the case, in attendance upon the trial, and had been sworn and placed under charge of an officer, as ■witnesses for the defendants, It is insisted that said *193 justices should have been called to prove the issuance of the warrant and judgment thereon, and that it was error, under the circumstances, to admit proof of their handwriting. We do not think so. The rule requiring the best evidence of which the case is susceptible to be produced, is not infringed in this case. This was not the substitution of an inferior for a higher grade of evidence.. The fact to be established was the genuineness of the warrant and judgment; and this might as well be done by the testimony of one acquainted With their handwriting and signatures, as by the parties themselves ; the evidence is of precisely the same grade. It may, as argued, excite suspicion that the refusal to call the justices was, because they might, upon cross-examination, have proved other facts adverse to the defendants; but it is a sufficient answer to this objection to say, that they might have been called as witnesses by the plaintiff. The fact that the justices were within call at the time of the trial, and witnesses in the case, does not vary the principle. A letter may be proved to be genuine, without calling the writer, though he be present. 1 Star. Ev., 391,1 Greenleaf, sec. 82. It is not necessary, as held by this court, to call upon the justice who issued an execution tp prove the fact of its issuance; it may he proved by another. 6 Yer., 488.
3. The next error assigned is, in permitting the officer’s return upon the warrant to be read as evidence in his own favor, of the fact that he had the warrant in his hands at 'the time of his arrest. In this there was no error. It is well settled that a return by the sheriff — being the official act of a public, sworn officer — is evidence against third persons. And, in the case of McBee vs. The State, Meigs’ Rep, 122, it was held by this court that the sheriff’s return upon a scire facias, in the case of a forfeited recognizance, *194 cannot be averred against; that, if false, tbe remedy is by action on the case for a false return. So it is evidence against the defendant upon an indictment for a rescue, although not conclusive. Stark. Ev., vol. 2, part 2, 1032. It is also prima facie evidence in his own favor in actions brought by him. Hyskill vs. Givin, 7 Serg. & Rawle, 369; Connell vs. Cook, 7 Cow. Rep., 310. Furthermore, the presumption of law is in favor of the legal and proper discharge of his duty by a public officer, and of the truth of the facts stated by him in his official returns. We are of opinion, therefore, that the officer’s return upon the warrant was properly admitted in this case as prima facie evidence for him, subject, however, to be impeached and disproved, if false.
4. The copy of a bill of indictment found against Henry McCully in the Circuit Court of Blount county, for an assault upon said Thomas Ferguson, with intent to commit murder in the first degree, was admitted as evidence to the jury, though objected to by the plaintiff’s counsel. In this, we think the court erred. If, in any aspect of this case, the record of the prosecution against Henry McCully, upon said indictment, was irrelevant and inadmissible evidence, the entire record should have been produced, and not a part merely, showing the finding of a true bill, which may have had the effect to prejudice the plaintiff’s right, when, if the whole record had been produced, it might have appeared that the defendant had been acquitted on the trial. For this error, the judgment of the Circuit Court must be reversed, and the case be remanded for a new trial.