WICKHAM *against* MILLER.

A justice may renew an execution issued by him, without a return of *nulla bona* endorsed thereon.

It is unnecessary for the justice to issue a new execution, but an endorsement on the original writ, " *this execution renewed,*" will be sufficient.

And such endorsement is evidence that the constable had satisfied the justice that there were no goods on which he could levy.

Where a person has notice of a judgment, and purchases the goods of the defendant with a view to defeat the plaintiff's remedy, such purchase is void.

IN ERROR, on a bill of exceptions to the court of common pleas of *Sullivan* county.

This was an action of *replevin,* brought by *Wickham,* against *Miller,* in the court below, for taking, on the 29th of *October,* 1812, the beasts, goods, and chattels of the plaintiff, to wit, two horses, one wagon, and one set of harness, at the town of *Mamakating.*

The defendant, in his *avowry,* stated, that on the 29th of *October,* he was one of the constables of *Mamakating,* and that, on the 3d of *June,* 1812, an execution was issued by *Newkirk,* a justice of the peace in *Sullivan* county, and delivered to him, at the suit of one *Smith* against *David Canfield,* and that the defendant not having found any goods and chattels of *Canfield,* within thirty days from the date and delivery of the execution to him, whereof he could levy the amount of the judgment, or any part thereof, the justice did, from time to time, to wit, from the expiration of the said thirty days, to the 23d of *October,* 1812, renew the said execution, and deliver the same, so renewed, to the defendant, to be executed; by force of which he, on the 13th of *October,* 1812, levied on, and seized two horses, then being the property, and in the possession of *Canfield:* also, that on the 9th of *September,* 1812, *Newkirk* delivered to the defendant two other executions against *Canfield,* one at the suit of *Wilkin,* and the other at the suit of *Bennet,* and that the defendant not having found goods on which to levy, within thirty days, the justice, on the 9th of *October,* renewed the said executions, under which the defendant, on the 13th of *October,* levied and seized on two horses, being the property of, and in the possession of *Canfield,* and took, led, drove, and brought away the said two horses, one set of. harness, one yoke of oxen, and one wagon, from and out of the possession of *David Canfield.*

The plaintiff pleaded two pleas: 1st. Admitting that the defendant was a constable, and that the executions were originally issued as stated in the avowry, yet denying that they were renewed by the justice, and delivered to the constable, accord-

ing to the statute; and, 2d. Denying that the beasts and chattels belonged to *Canfield*, but that they were the beasts and chattels of the plaintiff.

At the trial, it was proved, that the executions mentioned in the avowry were renewed by making the following endorsement on the back of each: " This execution renewed. *Henry Newkirk, justice of the peace;*" and that the goods levied upon were, at the time of such levy, the property, and in the possession of *Canfield.* The plaintiff proved, that before the issuing or levying of the executions, the sheriff of the county of *Sullivan,* by virtue of a *fieri facias,* to collect between 80 and 90 dollars, issued out of the common pleas of that county, had levied upon the same goods, and that the sheriff had advertised the same for sale. The plaintiff further proved, that no return had been made on either of the executions issued by *Newkirk* previous to their renewal, and that *Canfield* had been in possession of the goods at and before the original issuing of the executions; and that, on the 19th of *October,* 1812, *Canfield,* by a bill of sale, transferred the goods to the plaintiff, for the consideration of two hundred dollars; and that the plaintiff satisfied the writ of *fieri facias,* and paid the residue of the sum of two hundred dollars, which was the value of the goods. The defendant proved that the goods were, at the time of such sale, in his possession.

The counsel for the plaintiff insisted that the executions were void in law, and gave the defendant no power to seize or sell the goods; but the court below charged the jury, that the executions, so renewed, were valid; and the jury gave a verdict for the defendant, and a return of the goods to the defendant. The counsel for the plaintiff tendered a bill of exceptions to the opinion of the court below, on which the writ of error was brought to this court.

*Brackett,* for the plaintiff in error.

*Fisk,* contra.

YATES, J., delivered the opinion of the court.

The first question in this cause is as to the validity of the executions originally issued by the justice; whether the re-

newal by him, as stated, continued the authority to the officer, under the statute, to levy on the property.

The 11th section of the act for the recovery of debts to the value of 25 dollars, among other things, states, that whenever judgment shall be given against either plaintiff or defendant, the court shall grant execution thereupon, directed to any constable within the county, commanding him to levy the debt, or damages and costs, of the goods and chattels of the person against whom such execution shall be granted, his arms and accoutrements excepted; and to bring the money at a certain time and place therein to be mentioned, before the justice who issued the execution, to render to the party who recovered the same; *and if no goods or chattels can be found, or not sufficient to satisfy such execution, the party recovering the judgment may, from time to time, renew such execution, or have further execution against the goods and chattels of the party against whom such judgment is recovered,* or may bring an action of debt thereon, &c.

I do not think that a formal written return of the constable, on the execution, that no goods or chattels can be found, is necessary; the requisitions of the statute may be complied with, without endorsing a return on the process; and if the constable has given information to the magistrate of the fact, that no goods or chattels can be found, on which the justice is induced to renew the execution, it must be deemed sufficient to protect the rights of the party in whose favour it issues; and, of course, will justify the officer to whom it is delivered in proceeding on it.

The statute never contemplated that a new execution should issue, specially stating the return and renewal; and no more is required by it, than an endorsement of such renewal on the original execution by the justice, as was done here. This has been the general (if not uniform) practice of courts of this description, since the passing of the act authorizing renewals; and I can discover no reason why a different and more rigid practice should be enforced. If there should be any collusion between the constable and the debtor, in making a false representation to the magistrate, in relation to the goods and chattels, with a view of giving further time of payment, the endorsement of renewal is conclusive evidence of the previous return or representation made by the constable; for, without it, the

justice could not have obtained possession of the execution to renew it; so that the party, in seeking redress, has the benefit of testimony equally certain with a return endorsed on the execution.

The renewal of the execution is a judicial act of the magistrate, and ought not to involve the officer, who is obliged to do his duty. It might have been delivered to another constable, who would have been obliged to proceed in collecting the amount, without inquiring into the truth as to the existence of the former return or representation by the officer in whose hands it had been. And this must continue to be the practice, unless an alteration in the statute shall be made, directing the return to be endorsed on the execution before renewal. In its present form, the act admits of no such construction; but authorizes a renewal in case no goods or chattels can be found; of which fact the justice must be informed by the constable. And the endorsement of such renewal on the execution, as before stated, is conclusive evidence that such information has been given, to the satisfaction of the justice, by the officer to whom it had been delivered. The court below, therefore, decided correctly, that the renewed executions, under which the avowant justified the taking, were valid in law.

But admitting that those executions had been improperly renewed, so as to have no validity, still the party might have new executions for the amount of the demand, the judgments still existing in full force; and, under the circumstances of this case, I think the right of the plaintiff to this property might well be questioned. If he intended to be protected under the *fieri facias* on which the sheriff had advertised, he ought to have purchased at a sale under it. His settling with the sheriff the debt due on it, and paying the residue of the consideration for the goods, gave him no better title than if the whole had been paid to *Canfield.* It is evident that at that time he knew of the judgments before the magistrate; and I am aware that this knowledge, of itself, would not destroy the sale, nor would the non-delivery of the goods be more than *prima facia* evidence to invalidate it, and might be explained by circumstances; but if he knew of the judgments, and purchased with a view, and for the purpose, of defeating the party's remedy in relation to those goods, towards satisfying his demand, on the ground that those executions were void, and knowing that new

executions might issue on those judgments, I should doubt the validity of his bill of sale. All those circumstances must have been known to the plaintiff, for it is expressly stated, that the goods in question were in the hands of the constable, under those executions, at the time he purchased.

In *Beals* v. *Guernsey,* (8 *Johns. Rep.* 446.) this principle is, in a great measure, recognised. We there say, that if a purchaser knows of the judgment, and purchases with the view, and for the purpose, of defeating the creditor's execution, it is void, notwithstanding a full price had been paid by the purchaser.

The decision of this cause, however, does not rest upon that point. The statute, in my view, authorized the renewal of the execution in the manner it has taken place; and, upon that ground, the judgment in the court below must be affirmed.

Judgment affirmed.