VISGER vs. WARD.

**THIS** was an action of false imprisonment, tried at the Herkimer circuit in September, 1827, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The defendant, a constable of the county of Herkimer, arrested the plaintiff on an execution issued on a justice's judgment, rendered against him for $6,33. The execution was originally issued on the 23d January, 1826, and delivered to a constable of the name of Cory to be executed, who, on the 10th April, 1826, with the consent of the plaintiff in the execution, returned it to the justice, but made no written return on the same. On the 5th June, 1826, the justice renewed the execution, by endorsing the words, " renewed this execution 5th June, 1826," and signing his name to such memorandum, and delivered it to the defendant in this cause to be executed. On the 26th September, 1826, he again

ALBANY,<br>Oct. 1828.<br>Visger<br>v.<br>Ward.

A justice's execution may be renewed without a formal return of *nulla bona*, and it may be renewed after the return day *from time to time*, at the option of the plaintiff.

renewed the execution in like manner, and delivered it to the defendant ; and within 30 days thereafter, the arrest was made for which this action was brought. The execution originally issued, was returnable within 30 days. It appeared that, at the time of the arrest, the defendant had not the execution with him, and on discovering the fact, he discharged the plaintiff.

The plaintiff objected to the defence, on the following grounds : 1. That a justice's execution cannot be renewed until after a return of *nulla bona ;* 2. That the execution was not susceptible of renewal, more than 30 days having elapsed after its original issuing and previous to its first renewal, and also more than 20 days having elapsed between the first and second renewals ; 3. That a renewed execution does not authorize the arrest of the person, but can be enforced only against the goods and chattels of the defendant ; and 4. That the defendant not having the execution with him at the time of the arrest, nor during the imprisonment of the plaintiff, the arrest and detention were unlawful. His honor, the judge, overruled these several objections, the plaintiff excepted, and the jury found a verdict for the defendant. The cause was submitted to the court on the bill of exceptions, on a motion by the plaintiff for a new trial.

*D. Burwell,* for plaintiff.

*A. Mann, jun.,* for defendant,

*By the Court,* SUTHERLAND, J. The case of *Wickham* v. *Miller,* (12 *Johns. R.* 320,) decides that a justice may renew an execution, without a return of *nulla bona* having been actually endorsed upon it ; the fact may be made to appear to the justice in some other way ; and the endorsement of a renewal is conclusive evidence against the constable, of such representation having been made.

The execution in this case, however, was *twice* renewed. The first renewal was between *three and four months* after its delivery to the constable, and the second renewal was more than *three months* after the first. These renewals were both with the consent of the plaintiff ; and the question is, wheth-

er they kept the execution alive, so that it could be enforced against the person of the defendant, no property having been found. It is contended, on the part of the defendant, that the execution not having been renewed within the 30 days, ceased to be a process which could be enforced ; that its force was spent, and that a new execution should have been issued, instead of renewing the old. I perceive no objection to the renewal of an execution after the return day has elapsed. The statute, (*Statutes, vol. 6, c. 286,*) provides that it may be renewed *from time to time,* clearly intending that it might be kept alive as long as the plaintiff supposed there was any probability of finding any property to satisfy it ; and it must be entirely indifferent to the defendant, whether his property or his person is taken upon a renewed or original execution.

It was not necessary that the constable should have the execution in his pocket at the time of the arrest of the defendant. He had it under his control.