Waddell *v.* Elmendorf.

---

WADDELL, adm'r of Waddell, *vs.* E. ELMENDORF and another, adm'rs of L. ELMENDORF.

A levy upon personal property on a *fi. fa.* where nothing more has been done, does not amount to a satisfaction of the judgment.

Therefore a plea in an action on a judgment, that the plaintiff had caused a *fi. fa.* thereon to be issued and levied upon the defendant's property to a sufficient amount to satisfy the judgment, does not state a defence to the action.

DEMURRER to a replication. The declaration was in debt on a judgment rendered in this court in August, 1810, in favor of the plaintiff's intestate against Elmendorf, the intestate represented by the defendants, for $2744,40 of debt, and $14,43 damages and costs. The fourth plea of the defendant is *actio non,* because they say that shortly after the rendition of the said supposed judgment, the said plaintiff therein in his lifetime caused to be issued a *fi. fa.* on the said judgment or recovery, out of the said supreme court, and directed to the sheriff of the county of Ulster, by virtue whereof the said sheriff then and there, the debt, damages, costs and charges aforesaid, on the goods and chattels of the said Lucas Elmendorf in his lifetime caused to be levied ; and the said goods and chattels so levied on as aforesaid were sufficient and of sufficient value to satisfy the debt, damages, costs and charges aforesaid. Verification. The plaintiff replied that after the issuing of the said *fi. fa.* and the levy pursuant thereto, as in said plea supposed, the said *writ and levy were superseded,* and the effect thereof waived by the voluntary act of the parties plaintiff and defendant to

the said suit, and became altogether inoperative. Special demurrer and joinder.

*A. Taber,* for the defendant.

*J. A. Spencer,* for the plaintiff.

*By the Court,* BEARDSLEY, Ch. J.   In point of form the replication demurred to is obviously bad, as, I also think, the plea which it assumes to answer is, in matter of substance. The plea does not show when the writ of *fi. fa.* was issued, nor its teste or return.   These, however, as well as several other defects, may be regarded as formal in their nature, and not now open to objection.   But the plea is bad in substance.   It is impossible to determine from what is stated in it, whether the pleader intended to allege that the sheriff actually made the money on the execution, or merely made a levy on goods of sufficient value to make the sum required.   If the latter is what was meant, the plea fails to show a sufficient answer to the action.   This principle was distinctly stated in the late case of *The People* v. *Hopson,* (1 *Denio,* 578,) and, in my judgment, is the just conclusion to be drawn from all the cases, ancient and modern.   The precise point was adjudged by the English common pleas in the case of *Peploe* v. *Galliers,* (4 *Moore,* 163.) That was a *scire facias, quare executionem non,* on a judgment for damages in an action of replevin, to which the defendant pleaded that after the rendition of the judgment, to wit, on, &c. the plaintiff sued out a writ of *fi. fa.* directed to the sheriff of Herefordshire, commanding him to cause said damages to be levied of the goods, &c. which said writ was duly endorsed to levy the sum of £274 13s. 4d.   By virtue of which writ the said sheriff seized and took in execution divers goods and chattels of the defendant of the value of £37 13s.   To this plea the plaintiff demurred.   The court said, " The defendant has merely stated in his plea that the sheriff seized his goods and took them in execution, and has not proceeded to state that he had returned the writ.   *The goods might have been restored*

*to the defendant, and on this ground the plaintiff is entitled to judgment.*" The court thus affirmed that it was not enough to aver a *mere levy* on the defendant's goods : the plea should go further and allege that the goods were still *detained* by the sheriff. Such a plea would bring the case within the principle stated in *The People* v. *Hopson,* (*supra,*) and although the value of the goods so levied on and detained might fall below the sum required to be levied, the plea would constitute a valid bar *pro tempore* to a second execution. (*Mountney* v. *Andrews, Cro. Eliz.* 237 ; 4 *Leon.* 194, 150, *S. C. ; Green* v. *Burke,* 23 *Wend.* 497.) The case of *Peploe* v. *Galliers,* (*supra,*) might have been placed on a totally distinct ground, as is suggested in the marginal note ; but I have stated the ground on which the case was decided, and which affirms the principle on which we proceed in the present case. But the plea in the present case is senseless. At all events, it is impracticable to determine, from the words used, what was really intended by the pleader. The declaration being good, the plaintiff is entitled to judgment on the demurrer, with leave to the defendants to amend on payment of costs.

Ordered accordingly