Mr. Chief Justice Johnson delivered the opinion of the Court. The evidence introduced by the appellees in the Court below, was fully sufficient to entitle them to a verdict as far as the issues on the two first pleas were concerned. The first was nul tiel record as to the judgment, and the second, the same as to the recognizance. To negative the truth of these pleas, the record introduced was full and conclusive. To the third, a demurrer was sustained, and the motion for a new trial not having brought the question of the correctness of that decision before the inferior court, it is consequently out of the case as it stands in this Court. (See Berry v. Singer, 5 Eng. Rep. 487.) The investigation is therefore now narrowed down to the fourth plea and the proceedings thereon. This plea sets up, in substance, that after the affirmance of the judgment of the Supreme Court and before the institution of this suit, the plaintiffs below, for the purpose of obtaining satisfaction of said judgment, sued out a writ of fieri facias in the usual form, which was levied upon certain goods and chattels therein specified of the value of three thousand dollars, that said levy was also made before the commencement of the suit, that said goods and chattels had not been sold, and that no portion of them had been sold or otherwise disposed of under or by virtue of said writ of fieri facias, for the satisfaction of said debt, all of which was verified by reference to the writ and return thereon endorsed. To this plea, the plaintiffs below filed two replications: First, that they did not at the time and for the purpose in the plea alleged, sue out a writ of fieri facias; and secondly, that they did, at the time and for the purpose specified in the plea sue out a writ of fieri facias in due form of law, which writ was levied at the time and upon the property in the plea, and that said property had not then been sold; and then by way of avoiding the effect of the matter set up in the plea they proceed to set up new matter to the effect that the defendants, Kelly and Cox, after the making of the levy and before the sale, claimed the benefit of the two-third law, and demanded that said property should be appraised according to the provisions of that law, which was then and there done in due form, and further that the property was offered for sale, and that failing to bring two-thirds of the appraised value, the defendants entered into a bond with security, conditioned to deliver the property to the sheriff twelve months from the date thereof, to satisfy said debt, damages and costs; and further that the sheriff then and there delivered the said property to the defendants, Kelly and Cox, but that they had not nor had either of them delivered the property in accordance with the condition of the bond, and that it had not been delivered then or any part thereof to the said sheriff to be by him sold to satisfy said debt, damages and costs, and that the said defendants, Kelly and Cox, or any one else for them, had not paid off and discharged said debt, damages and costs, or any part thereof to said plaintiffs, nor had they paid the said sum of nine hundred dollars or any part thereof, and concluded with a verification. To this second replication, the defen-clants below interposed their demurrer, which was overruled by the Court and the defendants rested. This second replication therefore stands wholly undefended, and the facts therein alleged must be taken as confessed. The question, to be determined, therefore, is whether the plaintiffs below were entitled to.a verdict or not upon the assumption that every allegation in the second replication is admitted to be true. We think it perfectly manifest that they are not entitled to a judgment even upon that supposition. The' plea sets up matter which, if true, would only constitute a temporary bar, and the matter set up in the replication would not only operate as a temporary bar or mere suspension of other remedies, but it would also constitute a perpetual bar to this action inasmuch as it would amount to an utter extin-guishment of the original judgment. The note originally declared upon bears date of the 6th of October, 1840, and was made payable one day after date, consequently the act of the 23d of December, 1840, though repealed by that of 9th December, 1844, was in force as to this contract, under the saving clause by which it was provided that that act should be prospective in its operation, and should not affect debts or contracts then existing. The delivery bond set up and relied upon in the replication having been executed on the 13th of November, 1847, it necessarily falls within the provisions of the act of the 16th of December, 1846, the first section of which declares “that hereafter besides the conditions now provided by law, there shall be inserted in every delivery bond taken by any officer, a further condition that in case the property specified in said bond shall not be delivered as provided therein, the said bond shall have the force and effect of a judgment, on which an execution may be issued against all the obli-gors thereof.” The matter therefore set up in the replication by way of avoidance of the plea, is no answer to the plea, but on the contray goes to show that instead of a mere levy, which could only operate to suspend this action until such levy should be disposed of, it had been carried still further, and that it had been actually matured into a judgment, and consequently into a perpetual bar of this action. In respect to the legal effect of the matter set up in the plea, we will first advert to The People v. Hasson, 1 Denio 577 and 578. The court in that case said, “It is said that the levy upon sufficient personal property to pay the debt was a satis--faction of the judgment, and consequently that the renewal was void. We have repeatedly held such levy does not always satisfy the judgment. (Green v. Burk. 23 Wend. 490. Ostrander v. Walton, 3 Hill 329.) And if the broad ground has not yet been taken, it is time it should be asserted that a mere levy upon sufficient personal property without anything more, never amounts to a satisfaction of the judgment. So long as the property remains in legal custody, the other remedies of the creditor will be suspended. He cannot have a new execution against the person or property of the debtor, nor maintain an action on the judgment, nor use it for the purpose of becoming a redeeming creditor.” The doctrine of that case was referred to with approbation by this Court in the case of Whiting & Slark v. Beebe and others, decided at the last term. This Court in that case, said “The law gives to the creditor the right to select which of the several means of enforcing satisfaction he will avail himself, but when he has made such selection will never permit him to abandon it capriciously. He may prefer to take his debtor into custody on ca. sa., and whilst so held all other satisfaction is denied him. But if the debtor should escape, the creditor may resort to other process for his satisfaction. Taylor v. Thompson, 5 Peters 358. So the creditor may elect to taire goods by fi. fa. in satisfaction, and when he has done so the satisfaction is precisely the same in principle as if he had taken the body of the defendant in custody; whilst he holds them in execution the law gives him no other remedy. But should they by acts not the fault of the creditor, be lost to the debtor or appropriated according to law and found to be insufficient, then on the same principle that the escape of the debtor from prison entitles the creditor to further process, he may sue out an alias fi-fa. Yet like a voluntary dischai’ge of the debtor from custody, if the goods are appropriated or wasted by the acts of the creditor or his authorized agent, the satisfaction would become complete at least to the amount of the value of tbe goods so wasted (see People v. Hasson, 1 Denio 578.) So also where a levy is made and a delivery bond (which by statute has the force of a judgment when forfeited) is taken and forfeited, the levy is discharged and the bond so forfeited held to be a satisfaction of the former judgment. In support of this latter doctrine, numerous authorites are there cited. The replication therefore, admitting every allegation contained in it to be true, would not entitle the plaintiffs below to a verdict, as it not only shows an undisposed-of levy, but also an entire extinguishment of the original judgment, and the creation of a new one by force of the statute, and consequently that the plaintiffs below had voluntarily cut themselves off from all other remedies except upon the last judgment. It is clear therefore that the court below found contrary to law; for upon the supposition that the replication is true, which stands confessed, yet the law would not entitle the plaintiffs below to a judgment. But it is contended by the counsel for the appellees, that it no where appears in the pleadings that the delivery bond was ever forfeited, and that consequently no new judgment has been taken which can operate to merge the one originally rendered by the Circuit Court. It is possible that the first special plea may not contain the necessary averments to amount to a forfeiture and as a consequence a statutory judgment. Whether this be true or not, we have no means of ascertaining, as its legal sufficiency is not made a question before us, as is already shown. It is conceded that no such defence is set up or relied upon in the second special plea, and all that could be claimed under it, if left to stand alone, would be a mere suspension of other remedies, until the levy therein specified should have been finally disposed of according to law. But the question that here arises is as to the effect of the second replication to this plea, which stands confessed as true in point of fact. The replication not only admits the issuance and levy of the execution as set up in the plea, but proceeds further to aver that upon such levy the defendants in the execu-cution claimed the benefit of the appraisement or two-third law, which was extended to them, and that after having executed their bond, with security, conditioned to return the property to the sheriff twelve months from the date thereof, they failed so to return and deliver it according to the condition of said bond. It may be true that the averments contained in this replication, if set up by the defendant by way of plea, would not be technically sufficient to show a forfeiture of the delivery bond, or a consequent merger of the old judgment into the new one thus created. But how would this rule of pleading operate when applied to the replication interposed by the plaintiff. He does not controvert the facts set up in the plea, but in order to avoid the effects of it, he undertakes to set up new matter, and in so doing, instead of nullifying the effect of the plea, he discloses matter which, if true, and taken in the strongest sense against himself, greatly strengthens the defence set up in the plea and changes it from a mere temporary to a perpetual bar. He has stated by way of replication all the essential facts to constitute a forfeiture, and he most unquestionably cannot complain if he is taken at his word, and if what he has there alleged shall be taken most strongly against himself. We would not hold that he is concluded by his replication, or that by his mode of meeting the plea he has forever barred himself of his remedy, but simply that his new matter is no answer to the plea, and that, if entertained at all, it must necessarily operate to the prejudice of the plaintiffs, or in other words, it being no response to the plea, even though strictly true in fact, it cannot avail the plaintiffs. But it is also contended that it is no where shown in the pleading, that upon the failure of the appellants to return the property levied upon to the sheriff, at the expiration of twelve months, to be sold by him, the sheriff made a return of such forfeiture or that the bond was in fact forfeited. It will be perceived by reference to the act of 1846, section first, that the binding effect of the delivery bond as a statutory judgment, is not left to depend upon the fact of the sheriff’s return to that effect, nor to the subsequent steps which are pointed out by the second section of that act. The first section declares, “That hereafter besides the conditions now provided by law, there shall be inserted in every delivery bond taken by any officer a further condition that in case the property specified in said bond shall not be delivered as provided therein, the said bond shall have the force and effect of a judgment, on which an execution may be issued against all the obligors thereof.” The instant the term elapses at which the property was to have been delivered, and it is not forthcoming, the bond, ipso facto, undergoes an entire change of character, and is at once elevated to the standing and dignity of a judgment, upon which an execution may be issued against all the obligors thereof. The force and effect of the bond therefore, as a judgment, does not in the least depend upon a compliance with the second section of the act. That section is merely directory to the sheriff pointing out the course to be pursued by him in order to take out an execution against all the obligors. The cases of Walker v. Bradley, 2 Ark. 578, and Caudle, adm. of Poe v. Dare & Caruthers, cannot be considered as authority in this case, as the bonds in those cases did not mature into judgments upon the failure to deliver the property. It is manifest, therefore, that the plaintiffs have shown by their replication such a state of facts, as if true amount to a statutory judgment, and consequently an extinguishment of the first judgment, upon the principle that one party cannot have more than one judgment for the same subject matter, against another at the same time. But we are here met by the objection that, even admitting that the delivery bond was forfeited, and thereby became to all intents .and purposes a judgment, yet it cannot amount to an extinguishment of the first judgment because the bond is for a much less amount of money. The case of Ruddell v. McGuire, reported in 6 Eng., at pages 583-4, furnishes a full answer to this objection as well as to the one which we have just discussed. In that case, this court said, “When the bond has been forfeited, it has by operation of law, the force and effect of a judgment on which execution may issue, and the sheriff’s return to that effect is conclusive record evidence of the fact of forfeiture, and cannot be contradicted by parol evidence even at the return terml Thus, the non-delivery of the property transforms the bond by operation of law into a statutory judgment, on which statutory judgment execution may issue against all the obligors in the bond. The execution does not issue upon the bond but upon the statutory judgment which, by operation of law, springs into being upon the forfeiture, and then exists in contemplation of law. And the mode of executing this judgment so developed, is pointed out in the next succeeding section of the statute, which is by the issuance of an execution against all the obligors in the bond for the amount of the debt or damages, and all the interest and costs of suit remaining unpaid. Thus the amount of the bond is not the criterion for the amount of the execution to be issued, but that criterion is the amount of the debt or damages, and all the interest and costs of suit remaining unpaid. And should a case arise where the penalty of the bond might be less than the amount for which the execution should be issued under the express provisions of the statute, it will be time enough for us then to decide whether or not the obligors can have any relief for the excess, and if so, whether that relief can be had in a court of law, or would have to be sought at the hands of the Chancellor. Nor will the sheriff’s failure to make the return required of him within two days by the statute, invalidate the statutory judgment; because this is but a failure to produce the evidence of the forfeiture upon which the clerk is to act, and therefore does not make the forfeiture of the bond any the less so in fact. And upon his failure to make his return and endorsement within the two days, the court would compel him to do so by rule and attachment at the application of any party interested either for or against the validity of the bond.” We are satisfied, from a full and thorough investigation of this case, that the judgment of the court below is erroneous, and it is consequently reversed, annulled and set aside, and ordered to be remanded, and proceeded in according to law and not inconsistent with this opinion!