JOSEPH J. O'DONOHUE and JAMES McGOVERN, Respondents, *v.* ZACHARIAH E. SIMMONS, Appellant.

*Sheriff — right of, to take a bond of indemnity upon making a levy — liability of the sureties thereon.*

This action was brought upon a bond given to the sheriff of New York, to indemnify him against all liability and damages that might arise or happen by reason of his levying upon, attaching and selling certain personal property, supposed to belong to one Brodie, under and by virtue of an execution issued upon a judgment recovered against that person.

*Held,* that the sheriff had a right to demand and receive such a bond, and that it was not void as taken *colore officii.*

The property levied upon was of the value of from $12,000 to $14,000, and a judgment for $16,922.35 for its wrongful seizure was subsequently recovered against the sheriff. Only $2,054.05 was made upon the execution over the expenses of the sale. The court was requested to submit to the jury the question "whether or not the judgment against O'Brien (the sheriff) was not recovered in part for his unlawful oppression and illegal acts committed by him, not covered by the execution or the bond of indemnity."

*Held,* that the court erred in refusing so to charge, as the sureties were only bound to pay or indemnify the sheriff, so far as his liability arose out of what was done in the way of seizing the property and appropriating it to the payment of the debt mentioned in the execution, and not for what was occasioned by the wrongful or negligent acts of the sheriff or his officers.

Appeal from a judgment in favor of the plaintiffs, entered on the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*H. M. Whitehead,* for the appellant.

*James H. Smith,* for the respondents.

Daniels, J. :

The action was brought by the plaintiffs as the assignees of the sheriff of the city and county of New York, of his claims and demands upon a bond of indemnity executed and delivered by the defendant and another person to the sheriff. At the time when the bond was executed an execution was issued in favor of Michael S.

Purcell, upon a judgment recovered by him against James W. Brodie, for the sum of $3,190.97 and it was to indemnify the sheriff against liability for levying upon what was supposed to be his property that the bond was made and delivered. The amount of property levied upon was of the value of from $12,000 to $14,000, and a judgment was afterwards recovered against the sheriff for its seizure in favor of Francis W. Brodie amounting to the sum of $16,922.35. This amount was made by adding interest to the value of the property taken under the execution.

The bond itself was not produced upon the trial, but what was proved to be a copy of it was allowed to be read in evidence, after it was shown that the original could not be produced. The defendant objected to the reading of the copy, but that objection was not well taken, for in addition to the fact that it was shown to be a copy, evidence was given very satisfactorily proving that the original bond had been subscribed and acknowledged by the defendant. This evidence was obtained from the witnesses Ferguson, Stevens and Maxwell, and it really left no ground of controversy as to this part of the case.

But the right of the plaintiff to maintain an action upon the bond was also resisted upon the further objection that it was not a legal obligation. The condition of the bond. was in the following form : Now, therefore, the condition of the above obligation is such that if the above-bounden obligors shall well and truly save, keep and bear harmless, and indemnify the said James O'Brien and all and every person and persons aiding and assisting him in the premises, of and from all harm, let, trouble, damage, liability, costs, counsel fees, expenses, suits, actions, judgments, special proceeding and executions, that shall or may at any time arise, come, accrue or happen to be brought against him, them, or any of them, as well for the levying, attaching and making sale under and by virtue of such execution, of all or any personal property, which he or they shall or may judge to belong to the said judgment debtor, as in entering any shop, store, building or other premises, for the taking of any such personal property, then this obligation to be void, else to remain in full force and virtue.

And the objection taken to it was that it was not such a bond as could be exacted by the sheriff. But there is no principle of law prescrib-

ing the precise form in which a bond shall be made to indemnify an officer against the consequences of levying an execution upon property believed to be that of the judgment debtor. The statute prohibiting sheriffs and other officers from taking bonds in any other case or manner than such as are provided by law, has no application to a bond of this description. (3 R. S. [6th ed.], 448, § 49.) That applies only to bonds which may be required by the officer from parties becoming subject to his authority. (*Winter* v. *Kinney*, 1 Comst., 365; *Shaw* v. *Tobias*, 3 id., 188.) It has no reference or application whatever to a bond of this description. But such a bond may be taken by the officer as will be best adapted to the exigencies of the case in which it shall be designated for his protection. (*Reilly* v. *Coleman*, 62 How., 289; *Clark* v. *Woodruff*, 83 N. Y., 518.)

It has been the constant as well as the unquestioned practice for officers to receive such bonds and to rely upon them for their indemnity and protection, and no serious doubt has been entertained of their right to do so.

It was further objected that the evidence was not sufficient to prove that the execution was levied upon property which either the plaintiff in it, or the officer executing it, judged to belong to the judgment debtor. But as it is not to be presumed that the officer intentionally levied upon property which he did not believe to be the property of the judgment debtor, it is to be inferred, on the contrary, that what he did take he supposed and believed was liable to his execution. This objection, therefore, was practically overcome by the conduct of the officer in the execution of the process.

But, while it was proved that the property was taken under the execution, it did not result from that circumstance alone that the defendant became liable for the full penalty of the bond, which was in the sum of $6,381.91, and to which interest was added to make up the amount of the verdict rendered in the case. To establish this liability it was essential that the property levied upon should also be appropriated to the payment of the judgment on which the execution had been issued. And that was not shown to be the fact on the trial of the action. All that was made over the expenses upon the execution was the sum of $2,054.05. The large difference between this amount and the value of the property taken under the

execution afforded some reason for believing that it had not all been sold and appropriated to the payment of the debt due to the judgment creditor. It is hardly credible that so small a sum should be realized out of property in value amounting to between twelve and fourteen thousand dollars. And evidence was given in the course of the trial to show that the verdict in the action against the sheriff was in part recovered for goods taken by him and not advertised, or brought to some public store. From these facts there was reason to believe that a large portion of the property seized had been lost or misappropriated by the neglect or misconduct of the officer. And for that the sureties in the bond would not be liable, for the loss of the sheriff to that extent would not result from the conduct of his officer under the execution, but from a positive wrong upon his part for which he himself, and not the sureties in the bond, would be responsible. (*People* v. *Hopson*, 1 Denio, 574.)

At the close of the trial the court was requested to submit the question to the jury: "Whether or not the judgment against O'Brien was not recovered in part for his unlawful oppression and illegal acts committed by him not covered by the execution or bond of indemnity." And that the court declined to do, but directed a verdict in favor of the plaintiff for the sum of $8,759.18. The refusal to submit this proposition to the jury was erroneous under the evidence, for the sureties in the bond were only bound to pay or indemnify the sheriff so far as his liability arose out of what was done in the way of seizing the property and appropriating it to the payment of the debt mentioned in the execution. So far as any property had been lost by the default, omission or misappropriation of the sheriff's officer, he could not look to the bond for indemnity. It was not given to him to protect him against the misconduct of his own officer in the violation of his duty, but its object was to provide indemnity to the sheriff against the official acts of the officer to whom the execution was committed, and whether the recovery against the sheriff included the value of goods lost or missappropriated by the fault of the deputy, was, under the evidence, a question which should have been submitted to and decided by the jury. This was an important inquiry in the case, and the defendant has good reason to complain of the manner

in which it was disposed of at the trial. The judgment should be reversed, and a new trial ordered, with costs to abide the event.

Davis, P. J., and Brady, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.