ALONZO HORTON, OVERSEER OF THE POOR OF THE TOWN OF HANOVER, RESPONDENT, *v.* ADNA P. PARSONS, APPELLANT.

*Excise laws — how actions for violations of, are to be brought by the overseer of the poor — 1873, chap. 820 — 1878, chap. 109 — an action may be maintained by an overseer, though his oath of office be defective.*

Actions brought by overseers of the poor under chapter 820 of 1873, and chapter 109 of 1878, to recover penalties for a violation of the excise laws, should be brought in the individual name of the officer, followed by his official title, and not simply in the name of the office itself.

A person who has been duly elected to the office of overseer of the poor, and has taken and filed an oath of office which does not comply with the provisions of the statute, but who has entered upon the discharge of the duties of his office, has, until a successor is elected, as provided in section 34 of 1 Revised Statutes, 348, a sufficient right and title to the office to enable him to

institute and maintain an action to recover penalties for a violation of the excise laws.

APPEAL from a judgment, entered upon the verdict of a jury rendered at the Chautauqua Circuit, in favor of the plaintiff, and from an order denying a motion for a new trial made on a case and exceptions.

The causes of action alleged are sales by the defendant of intoxicating liquors, in quantities less than five gallons at a time, without having a license. The plaintiff had a verdict for $150, upon which judgment was entered. The defendant appeals.

*Julius A. Parsons*, for the appellant.

*Allen & Thrasher*, for the respondent.

BRADLEY, J. :

The counsel for the defendant contends that the action is improperly brought in the individual name of the plaintiff as overseer, and that the name of the office of overseer, etc., alone should have been the plaintiff. And his reason is that the provision of the act of 1857, requiring that actions be brought in the name of the board of commissioners of excise (chap. 628, § 22), was so amended as to require them to be brought in certain cases in the name of the overseers of the poor. (Laws 1873, chap. 820 ; Laws 1878, chap. 109.) And that because actions prior to these amendments were required to be brought in the name of the board of commissioners of excise as such, by analogy the overseer, without the use of his individual name, should be plaintiff. This contention is not supported. That board was in the nature of a body corporate, by force of the statute. The overseer or overseers of the poor of a town are not a board in that sense.

At common law suits by officers were brought in their individual names as such, and no change was made in that respect by 2 Revised Statutes, 473, § 92. And the practice has been uniform, and required that the actions be brought by the officer in his individual name as such. (*Supervisor, etc.,* v. *Stimson,* 4 Hill, 136 ; *Commissioners, etc.,* v. *Peck,* 5 id., 215 ; *Overseers, etc.,* v. *Ely,* Hill & Denio (Lalor's Sup.), 379 ; *Gould* v. *Glass,* 19 Barb., 184.) When the provision of the Revised Statutes referred to was repealed

(Laws 1880, chap. 245) the substitute for it was put into the Code of Civil Procedure (§ 1926), which made no change in the respect in question. Nor did the acts of 1873 and 1878, before mentioned. The action must be brought in the name of the officer, and not in the name of the office merely. The action is properly instituted in that respect.

It is also insisted on the part of the defendant that the original plaintiff was not, and that the present plaintiff is not, an officer *de jure*, and therefore the action cannot be maintained. The action was commenced in March, 1880, by Ansel L. Nevins, as overseer of the poor, who died in April, 1881, and the plaintiff was substituted as such in June, following. Nevins was elected at the town meeting of February, 1879, and re-elected in 1880. In 1881 Charles Moore was elected, and resigned shortly after, and the plaintiff was elected at a special town meeting.

The contention of the defendant's counsel is, first, that Nevins was not overseer, because he did not take the requisite official oath and file the bond required by statute ; second, that it did not appear that the plaintiff Horton was legally elected, and third, that it does not appear that he took the oath properly, cr that he filed the requisite bond, and for that reason he is not such officer.

The oath taken by Nevins, following each of his elections, was only that required prior to the amendment of 1874 of article 12 of the Constitution, and was insufficient. His bonds ran to the supervisor of the county of Chautauqua, instead of the town of Hanover. (Laws of 1855, chap. 269.) The official bond of the plaintiff Horton is the same ; and his official oath, and the second one of Nevins have no venue affixed to them. The defect in the bonds is an informality and not material, and the provisions of them in other respects are a substantial compliance with the statute. (Id.) The omission of the venue to the oath of office is not important. (*Colman v. Shattuck*, 62 N. Y., 349.) The election of Horton appears to have been regular. After the resignation of Moore a special town meeting was held pursuant to notices posted by the town clerk. (1 R. S., 341, § 8.) The fact that no record was kept or preserved of the notices, etc., did not affect the validity of the town meeting or the election. The amendment of the statute (1 R. S., 348, § 34) requiring a petition of voters for the call of a special town meeting

was made after the election of the plaintiff. (Laws 1881, chap. 391.) The question requiring consideration is whether the failure of Nevins to take the requisite oath disabled him to bring the action. His right to do so depended on his official character. That he was an officer *de facto* merely will not support such right. He must also be an officer *de jure*. (*People* v. *Nostrand*, 46 N. Y., 375; *People* v. *Hopson*, 1 Den., 579.) The inquiry is, did Nevins then have such title to the office as gave him a right to act as overseer of the poor? The statute provides that before he enters upon the duties of his office and within ten days after being notified of his election he shall take the oath of office (1 R. S., 345, § 13), and that if he does not do so, etc., such neglect shall be deemed a refusal to serve. (Id., § 16.) And if he shall refuse to serve, a special town meeting may be called to supply the vacancy. (Id., 348, § 34.)

There was no such meeting called; no new election had, and he proceeded and continued to perform the duties of the office. He was legally elected and sought to qualify by taking and filing his oath of office (which was defective), and making and filing the requisite bond. He became an officer by the election, and his title to it was defeasible. His *right* to continue to hold it depended upon the statutory conditions, one of which was the taking of the oath of office. He was in no sense a usurper of the office, but was legally inducted into it by election. It may not appear entirely clear that a person elected to the office of overseer of the poor, who has failed to take the oath of office, and for that reason is charged with refusal to serve, which permits an election to fill the vacancy thereby occasioned, is an officer *de jure* in the strict sense of that term, since by the terms of the statute his right to perform the duties of the office seems dependent on his taking the oath. But it has been held in effect that the statute is not self-executing, and does not work a forfeiture for the cause it affords, but that it must come from some act, judicial or otherwise, which effectually ousts him and severs his relation to the office. And that until then he is practically an officer *de jure*, having a defeasible title to the office. (*Foot* v. *Stiles*, 57 N. Y., 399; *People* v. *Crissey*, 91 id., 635, 636; *Cronin* v. *Gundy*, 16 Hun, 521, 524; and see on that subject *Clark* v. *Ennis*, 45 N. J. L. R. [16 Vroom.] 69; S. C., 28 Alb. L. J., 451; *Plymouth* v. *Painter*, 17 Conn., 585;

S. C., 44 Am. Dec., 574; *St. Louis Co. Court* v. *Sparks*, 10 Mo., 117; S. C., 45 Am. Dec., 355.) Upon that theory, when no judicial action is taken in that respect, the vacancy is conditional, depending upon election to fill it, and thus effecting his ouster from the office. And this may be the statutory rule to apply, in view of the needs which may arise in the public service requiring the performance of the duties of an officer which is in the interest of the public, and not of the individual. And public policy is entitled to and has consideration in the construction of statutes and their effect, so far as their provisions may permit. The statute does not in terms declare that the office shall be vacant on the failure to take the oath of office, but merely provides for an election, arising out of what is treated by it as a refusal to serve, to supply a vacancy, the cause for which is furnished and provided for by the statute, in the events there mentioned. And that the title to the office continues and is defeasible in such case until supplied is not inconsistent with the view taken by the court in *People* v. *Nostrand (supra)*. There was an act by him which was held to divest the incumbent of an office. He had accepted one which came within the constitutional provision imperatively prohibiting the holding at the same time by him of any other office. By accepting it he *ipso facto* vacated the other. He could not occupy both. And public policy requires that the acceptance of an office, incompatible with one then held by the same person, should have the like effect. (*People* v. *Corrigue*, 2 Hill, 93.) Upon authority, therefore, the conclusion is that Nevins had title to the office to support the action.

This case presents the peculiarity of an attempt (probably made in good faith) on his part to qualify, and a defective execution of the statutory requirement. Whether in such case the failure to fully comply with the statute might be treated as irregularity merely, and the right of amendment be afforded so as not to go directly to the tenure of the office, may be a question worthy of consideration when it necessarily arises, does not require the expression of any opinion here. The present plaintiff was substituted in 1881, and so far as appears without objection. And in like manner the action proceeded to the time of the trial in January, 1883. He duly qualified and had a clear title to the office. Whether the defendant, as against him, was entitled to effectually take the objec-

tion at the trial that the original plaintiff was an officer *de facto* only, if such were the fact, is also a question not to be disposed of without some consideration for reasons which need not now be mentioned.

The evidence seems to be sufficient to justify and support the verdict. And it does not appear that any question was raised in that respect on the trial, either by motion for nonsuit or by exception to the charge or to refusal to charge.

It must be assumed that the case was submitted to the jury in a manner satisfactory to the defendant. And we see no occasion to disturb the verdict.

The judgment and order should be affirmed.

SMITH, P. J., and BARKER, J., concurred; HAIGHT, J., not voting.

Judgment and order affirmed, with costs.