Monell, J.
The preliminary objection founded upon the allegation that a motion has already been made of a similar nature and denied, is sufficiently answered by the new fact which is proven on this motion ; and as leave would undoubtedly be given to renew the motion, it is proper to overrule the objection now.
The sale by the defendant of the Gfeorgia bonds, on the same day he received them in pledge, was clearly wrongful, and a tortious conversion of the securities (Dykers v. Allen, 7 Hill, 497) ; yet such wrongful sale did not render it unnecessary for the plaintiff to offer to *304 pay his note at maturity, and demand a return of the bonds. Therefore, it seems to me, to put the defendant in default, and to subject him to the consequences of his wrongful act, the plaintiff was bound to pay, or offer to pay, his note on the day it became due. Upon making the offer he could simultaneously have demanded a return of the bonds, and a refusal to return them would have subjected the defendant to an action for their conversion.
But no such offer to pay was made until after the note had become payable. The evidence is, that the plaintiff’s broker, who seems to have transacted all the business, wrote letters to the defendant, requesting him' to present the note at his (the broker’s) office for payment. I believe it is usual for the debtor to seek the creditor and offer payment; not, as was attempted in this case, to require the creditor to wait upon his debtor to receive payment. The only offer to pay the note, therefore, was after it had become due and payable.
It is very questionable, I think, whether a demand after default in payment of the debt for which property is pledged as security, will render a refusal to deliver the pledged property a tortious conversion of it. lío doubt the pledgor can redeem upon a .tender of the debt, or he may recover ■ the difference between the value of the pledge and the debt. But to lay the foundation for an action for conversion, I am of opinion that an offer and demand must be made on the day, and is not sufficient if made after the day on which the debt has become payable.
In this case the stock note authorized a sale without notice, upon default in payment. Upon its maturity the defendant could have sold the bonds, and would have been liable to pay only the balance remaining after satisfying the debt. But the mere wrongful sale of the bonds did not remove the necessity of a reasonable demand and offer to pay.
The additional fact which is now for the first time established,—namely, that after default had been made in *305 the payment of the note the plaintiff’s broker exhibited to the defendant a statement of the amount claimed to be due, and offered to receive the same in full satisfaction, —was a liquidation of the claim, and fixed the amount of this defendant’s liability, and was, in effect, a waiver of the tort, so that the recovery must, I think, be limited to such balance.
I do not attach any importance to the statement of Bridge that he had no authority to render the statement or to make the offer of settlement. He was the agent to make payment of the note and to receive the .pledged bonds, and the defendant had the right to regard him as having authority to waive their tortious conversion.
In any view it appears to me that the bail was excessive. If the plaintiff shall succeed in recovering a judgment for the conversion of the bonds, he will, of course, be entitled to an execution against the person of the defendant. In such cases it has been the practice of the court, in many instances, to require proof that there was danger that the defendant, by absconding, could not be subjected to final process. Ho such proof is given in this case.
Upon the whole, I am so well satisfied that the plaintiff’s recovery must be limited to the balance due, as so much money had and received to the plaintiff’s use, that I cannot have any hesitation in discharging the order. 1 have endeavored to ascertain the ground upon which the former motion was denied, that I might not conflict with such decision, but have not been able to learn it.
The motion to vacate the order of arrest must be granted.